| | |
|---|---|
| UNITED STATES DISTRICT COURT | WESTERN DISTRICT OF TEXAS |

PACIFIC FINANCIAL ASSOCIATION, INC. §
§
    Plaintiff, §
vs. §
§    Civil Action 1:23-cv-00308
§
AUSTEX TRANSPORT, LLC §
and JOHN LAPP, §
§
    Defendants. §

## Complaint

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

1. *Parties.* Plaintiff, PACIFIC FINANCIAL ASSOCIATION, INC. ("Pacific Financial"), is an Arizona corporation authorized to do business in Texas.

2. Defendant, Austex Transport, LLC ("Austex Transport"), is a Texas limited liability company doing business in Texas and may be served with process by serving its managing member John Lapp at 4807 Spicewood Springs Rd., Bldg. 1, Suite 1130, Austin, TX 78759 or wherever he may be found.

3. Defendant, John Lapp ("Lapp"), is a citizen of the state of Texas and may be served with process at 8801 Rocky Creek Blvd., Unit 5, Austin, TX 78738 or wherever he may be found.

4. *Jurisdiction.* The district court has jurisdiction under 28 U.S.C. § 1332 (a)(1) because plaintiff and the defendants are citizens of different states and the amount in controversy exceeds $75,000.00, including interest and costs. Plaintiff is a Arizona corporation authorized to do business in Texas, with its principal place of business in Arizona, while the Defendants are a Texas

limited liability company, with its principal place of business in Texas, and a citizen/resident of the state of Texas.

5.  *Venue.*  Venue is proper in this district under 28 U.S.C. § 1391 (a)(1) and/or § 1391 (b)(1) because all defendants reside in this district.  Further, a substantial part of the events or omissions giving rise to this claim occurred in this district, thus venue is also proper under 28 U.S.C. § 1391 (a)(1) and/or § 1391 (b)(2).

6.  *Conditions Precedent.*  All conditions precedent have been performed or have occurred.

7.  *Facts.*  Austex Transport was or intended to become either a broker or a freight forwarder pursuant to the provisions of Title 49 U.S.C. §13906 and the rules and regulations of the Federal Motor Carrier Safety Administration.

8.  On or about October 1st, 2013, Defendants entered into a Form BMC-85 Property Broker's or Freight Forwarder's Trust Fund Agreement under 49 U.S.C. 13906 with the Plaintiff.  A copy of the Trust Fund agreement is attached to this complaint as Exhibit "A", and is incorporated herein by reference.

9.  On September 9, 2019, Defendants executed a Supplementary Agreement, a true copy of which is attached as Exhibit "B".  Austex Transport and John Lapp became obligated to repay Plaintiff monies paid by Plaintiff pursuant to the Agreement, see p. 4, section 6.01, paragraph 2 of Exhibit "B":

> **Trustor and John Lapp (for purposes of this Section 6.01, collectively referred to as the "Indemnifying Party") shall, jointly and severally, absolutely and unconditionally, indemnify defend and hold Trustee harmless for any and all claims paid by Trustee on the BMC-85 as well as for all expenses advanced directly by Trustee or by third parties** (including, but not limited to, amounts demanded by beneficiary from a 3rd party financial institution pursuant to an Irrevocable Standby Letter of Credit) at the request or direction of Trustee, for such purposes, whether in settlement for or compromise of any such action taken in good faith and subject to Trustee's

determination, made in Trustee's sole and absolute discretion, that Trustor would have "legal liability". **Indemnifying Party shall deposit with Trustee, on demand, an amount deemed sufficient by Trustee to discharge any claim made against Trustee on this undertaking**. This sum may be used by Trustee to pay such claim or be held by Trustee as collateral security against loss or cost on its undertaking.

10. Pursuant to the terms of the Agreements, Plaintiff, on behalf of Defendants, paid out the sum of $75,000.00. A true copy of the Payout Calculation is attached as Exhibit "C". Attached are Exhibits D-1 to D-75 are the checks showing when Plaintiff paid the claims pursuant to the trust agreement. All payments were made on January 25, 2021. After crediting the sum due by the amount held in collateral of $10,000.00, Defendants failed to indemnify Plaintiff for the balance of $65,000.00.

11. Pursuant to the Agreements, Defendants are required to reimburse the Plaintiff for the claims paid. See Exhibits "A" and "B".

12. Further, the terms on page 4, section 6.01, paragraph 3 of the Supplementary Agreement, Exhibit "B", also require Defendants to reimburse the Plaintiff for the sums paid of the various claims. Additionally, that paragraph requires Defendants to pay Plaintiff's costs and fees of collection, interest, as well as a reasonable and necessary attorney's fees:

> Indemnifying Party, jointly and severally, absolutely and unconditionally, hereby indemnify and promise to pay to Trustee or its order, upon demand, the amount necessary to satisfy Trustor's obligations contained herein, including, but not limited to, the payment of Fees (for purposes of this section 6.01 "Trustor's Obligations"). **The liability of each Indemnifying Party shall be the total value of all Trustor's Obligations which remain outstanding and unperformed, plus interest thereon, plus all of Trustee's costs, expenses and fees, including attorney fees, incurred in connection with or relating to (i) the collection and enforcement of the value of Trustor's Obligations; (ii) the collection and sale of any property securing Trustor's Obligations, and (iii) the enforcement of such Indemnifying Party's obligations to Trustee under this Section 6.01, with such interest, costs, expenses and fees continuing to accrue until such Indemnifying Party's obligations are fully paid and satisfied.** This obligation is one of payment and not collection. Indemnifying

3

>Party intends to guaranty at all times the Trustor's Obligations and prompt payment to Trustee when due. No part of the indemnification conveyed hereby shall be revoked without the written consent of an authorized representative of Trustee. Indemnifying Party agrees that Trustee shall have the immediate right to garnish any real or personal property of Indemnifying Party in the event of default on any obligations herein.

13. Pacific Financial has duly demanded that Defendants cure their breach of the Agreements and pay Pacific Financial, but Defendants have failed to do so. See Exhibit E, demand letter dated December 10, 2020.

14. By reason of the foregoing, Pacific Financial has been damaged in the principal amount of $65,000.00, plus pre-judgment interest at the rate of 5% beginning 180 days after December 10, 2020, which is $3,250.00 per annum, or $8.90 per day from June 9, 2021 to the date of judgment, plus reasonable attorney's fees as allowed by law, and collection fees incurred in the amount of $13,000.00.

15. Pursuant to the Agreements, Defendants are liable for reasonable costs associated with a breach of the Agreements, including but not limited to court costs, costs and fees of collection and attorney's fees. Pacific Financial has given Defendants written notice that it intends to enforce provisions of the Agreement that require the payment of all costs of enforcement, including reasonable attorneys' fees. Demand pursuant to Chapter 38 of the Texas Civil Practice & Remedies Code has been made. See Exhibit E.

16. *First Cause of Action.* Plaintiff incorporates Paragraphs 1 through 15 inclusive, as though fully set forth herein, and pleads its First Cause of Action – Breach of Contract.

17. By reason of the foregoing, Defendants have breached the Agreements, causing Pacific Financial to suffer damages.

18.     Plaintiff is entitled to recover damages under the Agreements in an amount equal to the sum of $83,108.60 comprised of $65,000.00 in principal, $5,108.60 in prejudgment interest as of January 3, 2023; and collection costs of $13,000.00.  See paragraph 14, *supra*.  Both unpaid principal and interest are included in calculating the jurisdictional amount.  *See Brainin v. Melikan,* 396 F.2d 153, 155 (3rd Cir. 1968) (interest included in computing jurisdictional amount which is an integral part of the aggregate amount of damages claimed); *Tupperware Home Parties v. Stewart,* 40 F.3d 384 1994 WL. 652497 at *4 n.5 (5th Cir. 1994) and *Muddu Oils Refinery Ltd. V. Dykes,* C.A. No. 4:06-CV-825-BE, 2007 WL 894568, at *3 (N.D. Tex. March 26, 2007. ("Interest that is an integral part of the claim, such as interest owed as part of a contractual obligation and exacted as the agreed upon price for the hire of money, becomes part of the principal for jurisdiction purposes." Cites omitted).  Collection Fees are also due in the amount of $13,000.00.  Further, attorney's fees are sought pursuant to both the Contract and Chapter 38 of the Texas Civil Practice and Remedies Code.  Attorney's fees are based on hourly fees. Such an arrangement is usual and customary for collection litigation. The hourly rate for lead counsel is $550.00 per hour and more than five hours of time has been incurred in reviewing the file; drafting the complaint, obtaining service and

19.     *Prayer.*  Plaintiff prays for the following relief:

   (a)   that process issue and Defendants be served as provided by law;

   (b)   that Plaintiff have Judgment against Defendants in the principal amount of $65,000.00, plus prejudgment interest as allowed by law; plus attorneys' fees as provided in the Agreement and under Texas law, including fees in the event of success on appeal whether as appellant or as appellee, plus costs and collection fees incurred in the amount of $13,000.00, post-judgment interest at the legal rate and/or as allowed by law, and all costs of court;

(c)     that the Court grant such other and further relief, at law or in equity, for which Plaintiff is justly entitled.

Respectfully submitted,

**CERSONSKY & MCANELLY, P.C.**

By:    */s/ M. H. Cersonsky*
M. H. Cersonsky, TBA No. 04048500
Email: mhcersonsky@law-cmpc.com
1770 St. James Place, Suite 150
Houston, Texas 77056
Telephone: (713) 600-8500
Facsimile: (713) 600-8585
**ATTORNEY FOR PLAINTIFF, PACIFIC FINANCIAL ASSOCIATION, INC.**